IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CAVIN EARL REED**                                                                 **PETITIONER**

v.                                         CIVIL ACTION NO. 1:19-CV-406-HSO-JCG

**FRANK SHAW**                                                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Cavin Earl Reed. The Petition challenges Reed's 2008 conviction for murder. Respondent Frank Shaw, Warden of East Mississippi Correctional Facility, has filed a Motion to Dismiss (ECF No. 13), alleging that Reed's Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Reed's Petition is barred by the one-year statute of limitations and recommends that Respondent's Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

## I. BACKGROUND

Reed is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Harrison County, Mississippi Circuit Court, Reed was convicted for murder on March 20, 2008. He was sentenced as a habitual offender to life in prison without the possibility of parole. Reed appealed, but the Mississippi Court of Appeals affirmed his conviction. *Reed v. State*, 31 So. 3d 48

1

(Miss. Ct. App. 2009). Reed raised four issues during his state appeal:

1. His conviction was based on insufficient evidence.
2. His conviction was against the overwhelming weight of the evidence.
3. The state failed to prove that he was a habitual offender under Miss. Code Ann. § 99-19-83.
4. His right to a speedy trial was violated.

(ECF No. 14-7 at 2-31). The Mississippi Court of Appeals affirmed. Although it found that the trial court erred in sentencing Reed as a habitual offender under Miss. Code Ann. § 99-19-83, it found that there was sufficient evidence to find he was a habitual offender pursuant to Miss. Code Ann. § 99-19-81. Because the sentence would be the same under either section, it found the error to be harmless. *Reed*, 31 So. 3d at 56-57. The Mississippi Court of Appeals also denied Reed's Motion for Rehearing (ECF No. 14-1 at 16). The Mississippi Supreme Court denied Reed's Petition for Writ of Certiorari on March 25, 2010 (ECF No. 14-1 at 8). Reed did not file a petition before the United States Supreme Court.[1]

Reed did not file his first "Motion for Leave" with the Mississippi Supreme Court until November 19, 2012 (ECF No. 14-8 at 55-56); however, the Motion did not comply with the Mississippi Uniform Post-Conviction Collateral Relief Act. Because Reed failed to fix the deficiencies, the Mississippi Supreme Court dismissed

---

[1] Although Reed indicated that he had petitioned the United States Supreme Court, he does not provide any information about the petition and no such petition appears in the record. Because Reed indicated he sought no further review by the Mississippi courts after his direct appeal to the Mississippi Court of Appeals, it appears Reed may be confusing his Petition for Writ of Certiorari with the Mississippi Supreme Court as a Petition before the United States Supreme Court. (ECF No. 1 at 2-3; ECF No. 13 at 4).

his Motion on January 9, 2013 (ECF No. 14-8 at 52). Reed filed another Application for Leave to Procced in the Trial Court (ECF No. 14-8 at 20-27) on December 2, 2013. The Mississippi Supreme Court denied this application on December 12, 2013, finding his claim of ineffective assistance of counsel was without merit and failed to meet an exception to the time bar (ECF No. 14-8 at 18-19).

Reed filed several other motions with the Mississippi Supreme Court between 2014 and 2019, including a Motion for Funds (ECF No. 14-8 at 14-16), a Motion for Psychological Evaluation Transcript (ECF No. 14-8 at 11-12), and a Motion for Records (ECF No. 14-8 at 4-6). The Mississippi Supreme Court denied or dismissed each motion (ECF No. 14-8 at 2, 7, & 13). Beginning in 2017, Reed filed various documents in the trial court (ECF No. 14-9). His original Motion for Post-Conviction Collateral Relief (ECF No. 14-9 at 3-18) related to a charge for simple assault on a police officer, and the trial court denied the Motion (ECF No. 14-9 at 20-23). Reed has since filed several "Amendments," which appear to relate to his murder conviction. Respondent argues that these Amendments were not properly filed motions for post-conviction relief and even if they were, they did not toll the statute of limitations for his present Petition (ECF No. 13 at 7).

Reed's instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus was received by this Court on July 18, 2019, but it was not dated (ECF No. 1). The envelope indicates that it was sent as "approved legal mail" on July 12, 2019. Reed also filed a Memorandum in Support of his Petition (ECF No. 2), but because he failed to sign it, the Court returned it to him for signing (ECF No. 6; ECF No. 9).

The signed Memorandum (ECF No. 10) was received by this Court on October 2, 2019. Reed raises four grounds for relief:

1. He received an illegal sentence as a habitual offender.

2. His rights against coercion and self-incrimination were violated by police interrogation tactics.

3. He should have received a competency hearing before trial.

4. He received ineffective assistance of counsel.

Throughout his Petition, he states that he has a below average IQ, is illiterate, did not know what he needed to do, and needed assistance with filing. He appears to acknowledge that judgment on his murder conviction became final more than a year before his Petition, but he argues he raises matters of "plain error" impacting his fundamental rights. He also argues that he did not discover some of the issues until after the limitation period expired (ECF No. 1 at 13).

Respondent filed a Motion to Dismiss (ECF No. 13) on October 24, 2019, alleging that Reed's Petition is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d). Respondent maintains that "Reed's conviction became final for purposes of AEDPA on Wednesday, June 23, 2010, ninety (90) days after the Mississippi Supreme Court denied *certiorari* review." He also maintains Reed is not entitled to statutory or equitable tolling; therefore, the Petition must be dismissed. In response (ECF No. 16), Reed does not make any arguments concerning the timeliness of his Petition. Instead, he states he needs more times to produce documents, such as the

transcript of his trial.

## II. DISCUSSION

### A. <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. <u>Analysis</u>

Unless one of the narrow exceptions in 28 U.S.C. § 2244(d)(1)(B)-(D) apply, AEDPA requires that a federal habeas corpus petition be filed within one year of the date a petitioner's judgment of conviction becomes final, subject to statutory tolling for the period during which a properly filed motion for postconviction relief is pending in state court. *See generally Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, the Court must determine when Reed's conviction became final for purposes of AEDPA and if he is entitled to statutory or equitable tolling. Because Reed asserts he discovered some of his claims beyond the limitation period, the Court must consider the exception in 28 U.S.C. § 2244(d)(1)(D).

Ultimately, "federal law controls when a state conviction becomes final for purposes of section 2244(d)(1)(A)." *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005) (citing *Roberts*, 319 F.3d at 694). Reed has offered no evidence to contradict the assertion that the Mississippi Supreme Court denied his Petition for Writ of Certiorari on March 25, 2010. Although Reed indicated he petitioned the United States Supreme Court, as explained above, that assertion appears to be in error. There is no evidence that Reed ever filed a petition before the United States Supreme Court. When a petitioner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment becomes final ninety days "following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. The "issuance of the mandate by the state court of appeals is of no

consequence . . . ." *Id.* at 695. The judgment in Reed's case became final on June 23, 2010. Therefore, his Petition for Writ of Habeas Corpus was due on or before June 23, 2011, unless he is entitled to statutory or equitable tolling.

Reed did not file his first motion for leave to proceed in the trial court until November 19, 2012, whereas the one-year statute of limitations began to run on June 23, 2010. A petition filed after the federal filing deadline has passed "cannot toll the one-year limitation period described in section 2244(d)(2)." *Baldwin v. Parker*, No. 5:06-cv-58-DCB-MTP, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

With respect to Reed's argument that he did not discover some of his grounds until after the statute of limitations ran, section 2244(d)(1)(D) provides that the statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." This is "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Davila*, 888 F.3d 179, 189 (5th Cir. 2018) (quoting *in re Young*, 789 F.3d 518, 528 (5th Cir. 2015)).

In his first ground for relief, Reed argues that he received an illegal sentence because the trial court sentenced him as a habitual offender pursuant to Miss. Code Ann. § 99-19-83, and although the Mississippi Court of Appeals found that decision to be in error, it nevertheless affirmed under Miss. Code Ann. 99-19-81. Reed was on notice of the factual basis for this ground for relief since September 15, 2009, the

7

date of the Court of Appeals' decision.

In his second ground for relief, Reed takes issue with the interrogation tactics the police department used against him. Because this concerns his own interrogation, he was aware of the factual basis of this claim since the time of his arrest. In ground three, Reed argues that he should have received a competency hearing before trial. The lack of a competency hearing before trial was apparent as soon as Reed's trial began. Therefore, he has been on notice of this claim since 2008.

Finally, in his fourth ground for relief, Reed argues that he received ineffective assistance of counsel, particularly when trial counsel did not insist on a competency hearing, failed to make objections, failed to call character witnesses, and failed to do a background check. These facts were readily apparent to Reed at the time of his trial. *See LeBlanc v. Travis*, 352 Fed. App'x 966, 967 (5th Cir. 2009). Further, Reed raised the issue of ineffective assistance of counsel in failing to insist on a competency hearing in his second application to proceed in the trial court, filed with the Mississippi Supreme Court on December 2, 2013. The Mississippi Supreme Court denied his application on December 12, 2013, yet Reed still did not file this Petition until 2019. Because Reed was aware of the factual basis of each claim before judgment became final, 28 U.S.C. § 2244(d)(1)(D) does not apply. Further, because he knew of the factual basis of each ground for relief, it is immaterial that he claims to need more time to obtain trial transcripts (ECF No. 16). *See in re Davila*, 888 F.3d at 189. Reed does not raise any arguments with respect to the exceptions in 28 U.S.C. § 2244(d)(1)(B) or (C).

Because Reed took no action in the year after the state court judgment became final, his Petition is barred as untimely unless he can show he is entitled to equitable tolling. However, he has not done so. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder,* 204 F.3d at 174). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder,* 204 F.3d at 171 (quoting *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999)). "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002)).

Reed's indications that he did not know what to do and needed assistance in filing does not satisfy this standard. His claims of below average IQ and illiteracy are also unavailing. Although the Fifth Circuit has "recognized the possibility that mental incompetence might support equitable tolling," "a petitioner (i) must make a

9

threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas [petition]." *Compare Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (citing *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir. 1999)), *with Jones v. Stephens*, 541 Fed. App'x 499, 505 (5th Cir. 2013). "Conclusory allegations of mental illness are insufficient to support equitable tolling." *Grizzle v. Davis*, No. 3:19-cv-1526-S-BH, 2019 WL 4999273, at *2 (N.D. Tex. Sept. 18, 2019) (citing *Smith v. Kelly*, 301 Fed. App'x 375, 378 (5th Cir. 2008)). Reed only makes the bare assertion that he has a low IQ and is illiterate. He presents no evidence showing this rendered him incompetent or affected his ability to timely file his habeas petition. Finally, "because 'ignorance of legal rights does not toll a statute of limitations,' it is irrelevant whether that ignorance is due to illiteracy or another reason." *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (quoting *Larson v. American Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979)); *see also Saucier v. Winkel*, No. 1:14-cv-138-LG-JCG, 2015 WL 926587, at *3 (S.D. Miss. Mar. 4, 2015) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993)). Reed has not demonstrated any rare or exceptional circumstances; therefore, he is not entitled to equitable tolling.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss be granted and Cavin Earl Reed's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 16th day of March, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE