**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CAVIN EARL REED**                                                          **PETITIONER**


**v.**                                                          **CIVIL NO. 1:19cv406-HSO-JCG**


**FRANK SHAW, WARDEN OF EAST
MISSISSIPPI CORRECTIONAL
FACILITY**                                                          **RESPONDENT**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19], GRANTING RESPONDENT'S MOTION [13] TO DISMISS, AND DISMISSING PETITION [1] FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

BEFORE THE COURT are Respondent Frank Shaw's Motion [13] to Dismiss and United States Magistrate Judge John C. Gargiulo's Report and Recommendation [19], which recommends granting the Motion [13] to Dismiss and dismissing Petitioner Cavin Earl Reed's Petition [1] for Writ of Habeas Corpus with prejudice.   After due consideration of the Motion [13] to Dismiss, the Report and Recommendation [19], the parties' Responses [21, 22], and relevant legal authority, the Court finds that Respondent's Motion [13] to Dismiss should be granted, that the Magistrate Judge's Report and Recommendation [19] should be adopted, and that Reed's Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice.

1

## I.   BACKGROUND

A.   Factual background

On March 20, 2008, Petitioner Cavin Earl Reed ("Reed") was convicted of murder in the Circuit Court of Harrison County, Mississippi, Second Judicial District.   Sentencing Order [13-1] at 1.   Pursuant to Mississippi Code § 99-19-83, Reed was sentenced to life imprisonment without hope of parole in the custody of the Mississippi Department of Corrections ("MDOC").   *Id.* at 2.   His Motions for New Trial and Judgment Notwithstanding the Verdict were both denied on March 25, 2008.   State Ct. R., Volume 2 [14-2] at 112.

Reed, through counsel, filed a direct appeal, and on September 15, 2009, the Court of Appeals of Mississippi affirmed his conviction.   *Reed v. State*, 31 So. 3d 48, 57 (Miss. Ct. App. 2009).   Reed filed a motion for rehearing which was denied on December 10, 2009.   State Ct. R., Volume 6 [14-6] at 7.   He then filed a petition for writ of certiorari with the Supreme Court of Mississippi which was denied on March 25, 2010.   State Ct. R., Volume 1 [14-1] at 8.   Reed did not file a petition for certiorari review before the United States Supreme Court.

Reed filed a "Motion for Leave" with the Supreme Court of Mississippi on November 19, 2012, State Ct. R., Volume 8 [14-8] at 55-56, which was dismissed on January 9, 2013, *id.* at 52.   He then filed an Application for Leave to Procced in the Trial Court, which the Supreme Court also denied on December 12, 2013.   *Id.* at

18-19.   Reed filed several other motions with the Supreme Court of Mississippi between 2014 and 2019, all of which were denied or dismissed.   *Id.* at 2, 7, 13.

On May 3, 2017, Reed also filed a Motion for Post-Conviction Collateral Relief in the Circuit Court of Harrison County, State Ct. R., Volume 9 [14-9] at 3-18, which was denied on June 9, 2017, *id.* at 23.   He filed several Amendments to this Motion, the last of which was filed on April 10, 2018.   *Id.* at 48, 55, 64-68.   The record does not reveal whether the trial court ever ruled on these Amendments.

B.   Procedural history

On June 18, 2019, Reed filed in this Court a pro se Petition [1] under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.   Pet. [1].   On October 24, 2019, Respondent filed a Motion to Dismiss [13] pursuant to 28 U.S.C. § 2244(d), arguing that the Petition was untimely and should be dismissed with prejudice.   Mot. [13] at 13.   Reed responded on December 26, 2019, Reed's Resp. [16], and Respondent filed a Reply [18].

On March 16, 2019, the Magistrate Judge entered a Report and Recommendation [19] that the Motion to Dismiss be granted and that the Petition be dismissed with prejudice as time barred.   R. & R. [19] at 10.   Reed has filed a "Response to Motion to Dismiss" in which he asserts only that he "is not able to follow through with this process . . ."   Reed's Second Resp. [21] at 1.   Reed asks that the Court permit him to retain the "right to file and proceed under this cause or another cause . . ."   *Id.* at 1.   Respondent also has filed a response asking that

3

this Court adopt the Magistrate Judge's Report and Recommendation.
Respondent's Resp. [22] at 3-4.

## II.   DISCUSSION

### A.   Standard of review

Where a petitioner has filed objections to a magistrate judge's Report and Recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made" (emphasis in original)).   A court is not required to make new findings of fact in order to conduct a de novo review.   *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000).   Nor is a court required to reiterate the findings and conclusions of the magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

However, where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

4

Although Reed has filed a Response, it is unclear whether he intended it as a response to the Motion to Dismiss or an objection to the Report and Recommendation. Regardless, he has not raised any substantive objections to the Magistrate Judge's findings, only requesting that the dismissal of his Petition be without prejudice. As to all other issues discussed the Report and Recommendation, the Court, having completed the required review, concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* Even under a de novo review, it is clear that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d), and dismissal is warranted.

The only issue that Reed raises is whether this dismissal should be without prejudice, so that he may bring a new petition at a later date. Where a § 2254 petition is found to be untimely, courts routinely dismiss the petition with prejudice. *See, e.g., Creppel v. Banks*, No. 1:17CV155-HSO-FKB, 2018 WL 2465475, at *2 (S.D. Miss. June 1, 2018); *see also Marshall v. Dep't of Corr.*, No. CV 18-6577, 2018 WL 6072246, at *7 (E.D. La. Oct. 26, 2018), report and recommendation adopted, No. CV 18-6577, 2018 WL 6068061 (E.D. La. Nov. 20, 2018). In addition, the Court here finds that because Reed's Petition is untimely, permitting him to bring it at a later date will not cure this defect. Dismissal with prejudice is appropriate and Reed's objection to the Report and Recommendation should be overruled.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that the Magistrate Judge's Report and Recommendation [19] should be adopted as the finding of the Court, that Respondent's Motion [13] to Dismiss should be granted, and that Reed's Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [19], entered in this case on March 16, 2020, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Frank Shaw's Motion [13] to Dismiss is **GRANTED**, and Petitioner Cavin Earl Reed's Petition [1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 4th day of May, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE